Filed 8/26/24  P. v. McCray CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>JAMES MCCRAY,<br><br>    Defendant and Appellant. | A168279<br><br>(Alameda County<br>Super. Ct. No. RM08389840) |

### MEMORANDUM OPINION[1]

In a recent published opinion, we set forth the pertinent background here.  "James McCray has been committed to the State Department of State Hospitals (DSH) for a series of one-year terms more or less continuously since 2005 under the statutory scheme governing violent offenders with mental health disorders (OMHD). (See Pen. Code, § 2960 et seq.)." (*People v. McCray* (2023) 98 Cal.App.5th 260, 264 (*McCray I*).)

*McCray I* involved an appeal from a 2022 recommitment order. McCray now appeals from a 2023 recommitment order.  After a bench trial

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

that took place on April 28, 2023 and May 5, 2023 (the April 2023 trial), the court ordered McCray recommitted to DSH for a term ending April 29, 2024. His 2023–2024 term having expired, once again we conclude we must dismiss for mootness because there is no effective relief we could order even if we found error at or in connection with McCray's April 2023 trial.

McCray makes the same arguments attacking the sufficiency of the court's jury trial waiver that he made in *McCray I*. The Attorney General concedes error, but argues mootness. We decline to address the jury waiver issue again. Since the record in this appeal does not materially differ from the record in *McCray I*, we have nothing further to say about it.

We find it unsurprising that the guidance we gave in *McCray I* was not followed in the April 2023 recommitment trial, that proceeding having occurred months before we published our opinion in *McCray I*. We also note that McCray declined to attend the April 2023 trial and refused to participate in a video hearing so that the trial judge could voir dire him directly. In doing so, he invited any error in obtaining an adequate jury waiver from him.

### DISPOSITION

The appeal is dismissed as moot.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
DOUGLAS, J.*

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.